**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAMES LEE PINKERTON, Petitioner, v. JAMES ENGELMAN, Respondent. | Case No. 2:23-cv-06648-MRA-E **ORDER ACCEPTING IN PART FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the First Amended Petition, the records on file, and the Report and Recommendation of the United States Magistrate Judge ("Report"). Further, the Court has engaged in a *de novo* review of those portions of the Report to which objections have been made.

The Report recommends granting Respondent's Motion to Dismiss in part and directing an Answer to Ground Two of the First Amended Petition. (ECF No. 30.) Petitioner's Objections to the Report—in which he objects to the dismissal of Grounds One, Six, and Seven (ECF No. 39)—are overruled with an exception to Ground Seven.

In Ground One, Petitioner objects that the 10-day delay in holding his parole hearing entitled him to release pursuant to a mandatory parole date. (ECF No. 39 at

6-8.) As supporting authority, Petitioner cites *Bowers v. Keller*, 651 F.3d 1277 (11th Cir. 2011) (*per curiam*). (ECF No. 39 at 7.) *Bowers*, however, does not address the issue here, a delayed parole hearing. Petitioner also cites 28 C.F.R. § 2.53, the regulation regarding mandatory parole. (ECF No. 39 at 8.) But that regulation does not mandate release when there is a delay in conducting a parole hearing. Thus, the Court agrees with the Report that "[t]he appropriate remedy for the Parole Commission's failure to conduct a timely hearing is not release but, rather, to have the hearing conducted as soon as possible." (ECF No. 30 at 13.)

In Ground Six, Petitioner objects that the Parole Commission relied on false information about his prior offenses in making its parole decision. (ECF No. 39 at 9-10.) The allegedly false information concerned the robbery charge in Count 5 of the indictment, for which only Lamar Adams, Petitioner's co-defendant, was charged. (*Id*. at 9.) However, the Parole Commission examiner did not rely on false information about this offense but, to the contrary, "concurred with [Petitioner] that he was never convicted of Count 5 of the indictment." (ECF No. 17-1 at 76.) Thus, the Court agrees with the Report that Ground Six is factually unsupported. (ECF No. 30 at 23.)

In Ground Seven, Petitioner objects that the Parole Commission predetermined that it would deny parole prior to the hearing. (ECF No. 39 at 10-11.) The Report recommends the dismissal of this claim as conclusory. (ECF No. 30 at 24.) In his objections to the Report, however, Petitioner has offered sufficient factual allegations from which the basis of the claim can be determined. Specifically, Petitioner alleges that a "pre-hearing assessment report" was prepared on August 11, 2023, which was "basically the same" as the ultimate decision to deny parole one month later on September 20, 2023. (ECF No. 39 at 10-11.) The Court finds that the claim, based on Petitioner's additional allegations from his objections, is sufficiently alleged such that Respondents should be held to answer the claim. Accordingly, the Court declines to dismiss Ground Seven.

IT IS ORDERED that (1) the Report and Recommendation is approved and accepted in part; (2) Respondent's Motion to Dismiss is granted in part, and Grounds One, Three, Four, Five, and Six are dismissed with prejudice; (3) the Motion to Dismiss is denied as to Grounds Two and Seven; and (4) Respondents shall file an Answer to Grounds Two and Seven of the First Amended Petition within 21 days of the date of this Order.

DATED: September 23, 2026

MÓNICA RAMÍREZ ALMADANI
UNITED STATES DISTRICT JUDGE